431 A.2d 498 (1981)
In re D. B.
No. 71-81.
Supreme Court of Vermont.
June 2, 1981.
*499 Jane Watson Kilpatrick, Chittenden County Public Defender, Burlington, for plaintiff.
Mark J. Keller, Chittenden County State's Atty., Susan R. Via, Chief Deputy State's Atty., and Nancy G. Sheahan, Deputy State's Atty., Burlington, for defendant.
Before BARNEY, C. J., and LARROW, BILLINGS, HILL and UNDERWOOD, JJ.
BARNEY, Chief Justice.
In this juvenile proceeding the following question of law was certified here under V.R.A.P. 5(b), before final disposition:
Is the State of Vermont authorized to proceed on a requisition for a juvenile from the State of Colorado made pursuant to an Interstate Compact on Juveniles, Article V, 33 V.S.A. § 551, which has not received Congressional consent?
A few uncontested facts available may assist in understanding the issues. The juvenile is apparently a fugitive from Colorado, and his return is requested by that state as an alleged delinquent. Both Vermont and Colorado subscribe to the Interstate Compact on Juveniles. The juvenile was apprehended in this state and taken into custody and detained at the Waterbury Detention Center. A motion was made pursuant to 33 V.S.A. § 661 requesting that the juvenile not be transferred out of the state of Vermont until a hearing had been held and findings of fact and conclusions of law made, and, further, until any appeal therefrom had been heard and determined by this Court.
In the course of a hearing on that motion, the question now before us on certification was sent here prior to the presentation of evidence. In support of the contention that the Interstate Compact on Juveniles, which has been enacted both in Vermont and Colorado, is constitutionally invalid, the juvenile, by counsel, points to the failure of the United States Congress to enact proposed legislation approving the Interstate Compact on Juveniles.
The United States Constitution, in Article I, § 10, cl. 3, provides that, "No State shall, without the Consent of Congress, ... enter into any Agreement or Compact with another State, or with a foreign Power ...."
This broad prohibition was addressed and delimited in Virginia v. Tennessee, 148 U.S. 503, 519, 13 S.Ct. 728, 734, 37 L.Ed. 537 (1893), by Mr. Justice Field. He concluded, for the United States Supreme Court, that the Compact Clause could not have been intended to reach every possible interstate agreement irrespective of the use of the broad terms "agreement" and "compact." Id. at 518, 13 S.Ct. at 734. With that in mind, he construed the object of the Compact Clause in the following language:
Looking at the clause in which the terms "compact" or "agreement" appear, it is evident that the prohibition is directed to the formation of any combination tending to the increase of political power in the States, which may encroach upon or interfere with the just supremacy of the United States. [Id. at 519, 13 S.Ct. at 734.]
This is still the law. See, e. g., Cuyler v. Adams, ___ U.S. ___, 101 S.Ct. 703, 66 L.Ed.2d 641 (1981); United States Steel Corp. v. Multistate Tax Commission, 434 U.S. 452, 98 S.Ct. 799, 54 L.Ed.2d 682 (1978).
If the Compact does not fall within the Clause, it is not invalid for lack of Congressional consent. Cuyler v. Adams, supra, 101 S.Ct. at 707. No such potential derogation of federal authority appears from the consent of the Interstate Compact on Juveniles. In re Chin, 41 Misc.2d 641, 645, 246 N.Y.S.2d 306, 311 (Sup.Ct.1963). It merely provides for an orderly and protective procedure for the return of juveniles who have escaped lawful custody, state or parental, in another state and for agreements *500 between states to supervise juvenile probation as to parolees residing outside the committing state.
The juvenile argues that the fact that Congress had before it proposed legislation for such Compacts, but never acted on it as a legislative body, establishes that Congress had supervision over the issue. The fact that no Congressional approval was forthcoming is argued to be a rejection of the authority of the states to enter into such Compacts.
The result might also be accounted for, with a stronger logic, by the possible consequences of Congressional action now spelled out in federal law by Cuyler. Although decided subsequent to Congress' reluctance to act, its reasoning provides significant justification for the refusal of Congress to pass upon the proposed supportive resolution. Cuyler, speaking through Justice Brennan for the majority, says that if Congress does act to approve a Compact, it becomes a matter of federal law rather than state law. Id., 101 S.Ct. at 708. This is a result not always thought to be felicitous even by members of Congress. It also takes away from the argument that the failure of Congress to act in some way confirms that the agreement in question is subject to the Compact Clause.
We hold that nothing has been established that would justify such a result, and that Vermont is authorized, for aught that has been made to appear so far in this proceeding, to proceed on the Colorado requisition under the Interstate Compact on Juveniles.
The certified question is answered in the affirmative, and the cause is remanded for such further proceedings as may be appropriate.